MICHELLE B. HEVERLY, Bar No. 178660
mheverly@littler.com
SOPHIA BEHNIA, Bar No. 289318
sbehnia@littler.com
LITTLER MENDELSON, P.C.
650 California Street, 20th Floor
San Francisco, CA  94108.2693
Telephone:   415.433.1940
Fax No.:   415.399.8490

MIREYA A.R. LLAURADO, Bar No. 194882
mallaurado@fedex.com
FEDEX FREIGHT, INC.
3425 Victor Street
Santa Clara, CA  95054
Telephone: 408.654.3186
Facsimile: 408.654.3297

Attorneys for Defendant
FEDEX FREIGHT, INC.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| KELLY L. HALL, RICHARD ARP, ISRAEL FLORES, ROBERT MARKOWITZ, ROY TAYLOR and RICHARD RODRIGUEZ<br><br>Plaintiffs,<br><br>v.<br><br>FEDEX FREIGHT, INC., an Arkansas Corporation, and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>**[28 U.S.C. §§ 1332, 1441, 1446]** |

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT     1.

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, PLAINTIFFS, AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that Defendant FEDEX FREIGHT, INC. ("FedEx Freight") by and through its undersigned counsel, contemporaneously with the filing of this Notice, hereby effects removal of the above-referenced action from the Superior Court in the State of California for the County of Kings to the United States District Court for the Eastern District of California. This removal is based on 28 U.S.C. sections 1332, 1441 and 1446 and, specifically, on the following grounds:

## I.     STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and this case is one that may be removed to this Court by FedEx Freight pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states, with an amount in controversy exceeding $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1332, 1441(a) and § 1446(b).

2. In the alternative, this Court has original jurisdiction over Plaintiff Richard Arp's claims because Plaintiff Arp and Defendant are citizens of different states, and the amount in controversy for Plaintiff Arp's claims exceeds $75,000, exclusive of interest and costs. This Court has supplemental jurisdiction over the remainder of the Plaintiffs in this action pursuant to 28 U.S.C. § 1367(a) because the claims of the remainder of the Plaintiffs arise out of the same Article III case or controversy as Plaintiff Arp's claims.

## II.     VENUE

3. The action was filed in the Superior Court of California for the County of Kings. Venue properly lies in the United States District Court for the Eastern District of California because it is the district court where the state court action is pending. *See* 28 U.S.C. §§ 84(c), 1391(a), 1441(a).

4. Plaintiff filed this action in the Superior Court of California for the County of Kings. Thus, assignment in the Fresno Division is appropriate. *See* E.D. Cal. Civil L.R. 120(d).

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT          2.

### III. PLEADINGS, PROCESS AND ORDERS

5. This lawsuit arises out of Plaintiffs Kelly L. Hall, Richard Arp, Israel Flores, Robert Markowitz, Roy Taylor, and Richard Rodriguez's ("Plaintiffs") employment with FedEx Freight. On September 19, 2013, Plaintiffs filed a Complaint in the Superior Court of the State of California, County of Kings, entitled *KELLY L. HALL, RICHARD ARP, ISRAEL FLORES, ROBERT MARKOWITZ, ROY TAYLOR, and RICHARD RODRIGUEZ v. FEDEX FREIGHT, INC., an Arkansas corporation; and DOES 1 through 10, inclusive*, designated as Case No. 13 CO 258 (herein referred to as the "Complaint"). A true and correct copy of the Summons, Complaint, and Civil Case Cover Sheet is attached to this Notice as **Exhibit "A"** pursuant to 28 U.S.C. §1446(a).

6. The Complaint purports to assert the following claims for relief: (1) Fraud; (2) Constructive Fraud; (3) Breach of Oral Contract; (4) Breach of Implied Contract; and (5) Breach of the Covenant of Good Faith and Fair Dealing. (*See* Complaint; **Exhibit "A"**).

7. FedEx Freight's agent for service of process, CT Corporation, was served with a copy of the Summons and Complaint on September 23, 2013.

8. On October 22, 2013, FedEx Freight filed an Answer to Plaintiff's Complaint pursuant to Cal. Code of Civ. Proc. § 431.30 in the Superior Court of California, County of Kings. Pursuant to 28 U.S.C. §1446(a), a true and correct copy of the Answer is attached hereto as **Exhibit "B"**.

9. With the exception of those attached as Exhibits A and B, Defendant has not been served with, nor it is aware of, any other pleadings, process or orders related to this case have been filed with the Superior Court of California, County of Kings.

### IV. NOTICE TO STATE COURT AND PLAINTIFF'S COUNSEL

10. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Eastern District of California, written notice of the removal will be given by the undersigned to Plaintiff's Counsel of Record, James C. Ashworth of The Ashworth Law Office, and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court for the State of California for the County of Kings as required by 28 U.S.C. §1446(d).

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT      3.

## V. TIMELINESS OF REMOVAL

11. A notice of removal in a civil action must be filed within thirty (30) days after service of the summons and complaint. 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day removal period begins to run upon service of the summons and complaint). Here, FedEx Freight's agent for service of process, CT Corporation, was served with a copy of the Summons and Complaint on September 23, 2013. Thirty days from September 23, 2013 falls on October 23, 2013. Therefore, removal of this action on or before October 23, 2013 is timely. *See* Fed. R. Civ. Proc. 6(a); *Yanik v. Countrywide Home Loans*, 2010 U.S. Dist. LEXIS 115717, fn. 6 (C.D. Cal. 2010). FedEx Freight has filed this Notice in advance of the deadline, thus making it timely.

## VI. DIVERSITY JURISDICTION

12. Jurisdiction in this case exists based on complete diversity. The diversity of citizenship statute provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — (1) citizens of different States . . . ." *See* 28 U.S.C. § 1332(a).

13. "Any civil action" commenced in state court is removable if it might have been brought originally in federal court. *See* 28 USC § 1441(a).

14. Any case that could have been commenced in federal court based on diversity of citizenship can be removed from state court on this ground. *See* 28 U.S.C. § 1441(b). In order to remove a case to federal court on diversity grounds, two basic elements must be satisfied: 1) complete diversity must exist between the parties, *i.e.*, Plaintiffs and Defendants must be "citizens" of different states; and 2) the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332.

15. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 and which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(a) based on the existence of complete diversity of citizenship between the real parties to this action and on the fact that the amount in controversy exceeds $75,000.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT    4.

**A.     Complete Diversity Of Citizenship Exists.**

16.     Diversity of citizenship exists so long as no plaintiff is the citizen of the same state as any defendant at the time the action was filed and at the time of removal. 28 U.S.C. § 1332(a)(1). Diversity of citizenship exists here because Plaintiffs and FedEx Freight are citizens of different states.

17.     To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States. *See, e.g., Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir.1983); *Hill v. Rolleri*, 615 F.2d 886, 889 (9th Cir.1980). A person is "domiciled" in a location where he or she has established a "fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely.'" *Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir.1940).

18.     Plaintiffs Kelly Hall, Israel Flores, Robert Markowitz, Roy Taylor, and Richard Rodriguez allege that they are employed by FedEx Freight as truck drivers who operate tractor-trailers throughout the State of California. (Compl. at ¶¶ 25, 26, 30, 33, 36). They further allege that as a result of the Defendant's actions in this case, they each transferred their home and employment to FedEx Freight's Kettleman City location, where they currently work. (*Id.*) To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States. *See, e.g., Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir.1983). A person's domicile is the place he or she resides with the intention to remain. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). The determination of an individual's domicile involves a number of factors, including the individual's place of employment or business. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Accordingly, these five Plaintiffs are domiciled in the State of California and therefore are citizens of California for diversity purposes. None of the Plaintiffs are citizens of the state of Arkansas.

19.     Plaintiff Richard Arp was previously domiciled in the State of California and currently works and resides in the State of Oregon. (Compl. at ¶ 39, 40). Allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship. *Moss*, 797 F.2d at 751. Accordingly, Plaintiff Arp is currently domiciled in the State of

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT     5.

Oregon and therefore is a citizen of Oregon for diversity purposes. Plaintiff Arp is not a citizen of the state of Arkansas.

20. For purposes of 28 U.S.C. § 1332, a corporation is deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 175 L.Ed.2d 1029 at ¶ 2 of the Syllabus (2010), "the phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control and coordinate the corporation's activities, *i.e.*, its 'nerve center,' which will typically be found at its corporate headquarters."

21. FedEx Freight was, at the time of the filing of this action, and remains a citizen of the State of Arkansas, in that it was and continues to be a corporation incorporated under the laws of the State of Arkansas with its principal place of business and corporate headquarters in Harrison, Arkansas. (Declaration of Lori Henry in Support of Notice of Removal ("Henry Decl.") at ¶3). Specifically, nearly all of FedEx Freight's corporate functions are conducted and based in Arkansas, including human resources, finance, legal, payroll, information technology and executive and administrative support functions that are important to FedEx Freight's strategic leadership and day-to-day operations. (*Id*. at ¶¶3-4). All of FedEx Freight's senior executive team is based in its corporate headquarters office in Harrison, Arkansas or in some instances, Memphis, Tennessee, where FedEx Freight's ultimate parent company, FedEx Corporation, has its principal place of business. (*Id*., ¶3.). For this reason, the Arkansas location is considered to be corporate headquarters and the "home office" for FedEx Freight from which senior leadership directs, controls and coordinates FedEx Freight's corporate activities. (*Id*.).

22. Defendants Does 1 through 25 are fictitious. (Compl., ¶11). Pursuant to 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998).

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT        6.

23. Accordingly, Plaintiffs are citizens of California, FedEx Freight is incorporated in and has its principal place of business outside of California, and, therefore, the diversity requirement of **28 U.S.C. § 1332(d)** is satisfied.

24. For purposes of removal, the citizenship of Doe defendants are disregarded and only named defendants are considered. 28 U.S.C. § 1441(a); *accord Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

**B.     Amount in Controversy Exceeds $75,000**

25. In 2011, the removal statute, 28 U.S.C. § 1446(c)(2)(B), was amended to confirm that removal is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in 28 U.S.C. § 1332(a). *See* 28 U.S.C. § 1446(c)(2)(B); s*ee* Federal Courts Jurisdiction and Venue Clarification Act of 2011, H.R. 394, at 28 U.S.C. §§ 1332-1455. Effective January 2012, Congress enacted 112 P.L. 63 (H.R. 394), which at Section 103 amended 28 U.S.C. § 1446 to clarify that the standard by which the amount in controversy is to be considered is a preponderance of evidence and not to a legal certainty. H.R. 394 applies to all actions – such as this one – filed on or after January 6, 2012.

26. As noted above, Defendant expressly denies any liability for the damages alleged in Plaintiff's Complaint. Nonetheless, for purposes of determining whether the minimum amount in controversy has been satisfied, the Court must assume that Plaintiff will prevail on his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994).

27. In their Second Cause of Action, Plaintiffs allege that they suffered a loss in income due to Defendant's constructive fraud. (Compl. ¶¶ 48-55). Specifically, Plaintiffs allege that Defendant's drivers can make *in excess of* $80,000 per year if they have lengthy runs, while drivers with shorter runs may earn *less than* $25,000. (Compl. ¶ 15) (emphasis added). Therefore, based on the facial allegations of the Complaint, the Second Cause of Action creates a dispute over at least **$55,000 per year in lost wages damages** for each Plaintiff.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT     7.

28.     Plaintiffs' Complaint also demands an award of punitive damages. The amount in controversy may include punitive damages if (1) they are recoverable as a matter of state law and (2) it cannot be said to a legal certainty that plaintiff would not be entitled to recover the jurisdictional amount. *St. Paul Reinsurance Co., Ltd. v. Greenburg* 134 F.3d 1250, 1253-54 (5th Cir. 1998); *Anthony v. Security Pac. Fin'l Services, Inc.* 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankinship* 20 F.3d 383, 386-87 (10th Cir. 1994). Due process guidelines limit the ratio of punitive damages to compensatory damages that may be awarded. Courts generally will not uphold punitive damages calculations that exceed a 9 to 1 ratio. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, (2003). Here, state law allows Plaintiffs to recover punitive damages to the extent they prevail on their tort claims. Cal. Civil Code § 3294. Based on Plaintiffs' allegations regarding lost wages, even a 1 to 1 award of punitive damages would result in an award of **$55,000 of punitive damages**.

29.     Additionally, Plaintiffs allege that they suffered from emotional distress as a result of Defendant's conduct. On October 18, 2013, each of the six Plaintiffs served a Statement of Damages, in which each alleged **$25,000 in emotional distress damages**. A true and correct copy of Plaintiff Kelly L. Hall's Statement of Damages is attached hereto as **"Exhibit C"**. A true and correct copy of Plaintiff Richard Arp's Statement of Damages is attached hereto as **"Exhibit D"**. A true and correct copy of Plaintiff Israel Flores's Statement of Damages is attached hereto as **"Exhibit E"**. A true and correct copy of Plaintiff Richard Rodriguez's Statement of Damages is attached hereto as **"Exhibit F"**. A true and correct copy of Plaintiff Robert Markowitz's Statement of Damages is attached hereto as **"Exhibit G"**. A true and correct copy of Plaintiff Roy Taylor's Statement of Damages is attached hereto as **"Exhibit H"**.

30.     Plaintiffs' alleged loss in wages ($55,000), punitive damages ($55,000), and emotional distress damages ($25,000), result in an estimated **amount in controversy of $135,000**.

31.     Therefore, based on the facial allegations in Plaintiffs' Complaint, the total amount of monetary relief sought by Plaintiffs in connection with their claims easily exceeds the $75,000 threshold requirement. Removal of this matter pursuant to 28 U.S.C. §1332(a) is thus appropriate.

## VII.   SUPPLEMENTAL JURISDICTION

32.     In the alternative, this Court has diversity jurisdiction over Plaintiff Richard Arp's

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT   8.

claims because he has specifically averred that his individual claims meet the $75,000 amount in controversy requirement. Consequently, this Court has supplemental jurisdiction over the remainder of the Plaintiffs because their claims arise out of the same case or controversy and are virtually identical to those of Plaintiff Arp.

### A. Plaintiff Richard Arp's Claims Satisfy The Amount in Controversy Requirement

33. Plaintiff Richard Arp alleges the following damages in his Statement of Damages: (1) $27,500 in economic damages; (2) $23,330 estimated future loss of earnings; and (3) $25,000 in general damages/emotional distress. *See* Exhibit D. Therefore, **Plaintiff Arp alleges a total of $75,830 in damages** even without a stated amount of claimed punitive damages. Plaintiff Arp's claims satisfy the amount in controversy requirement such that removal of his claims is proper on this alternative basis.

### B. This Court Has Supplemental Jurisdiction Over The Remainder of The Plaintiffs

34. Removal is appropriate for the remainder of the Plaintiffs based on supplemental jurisdiction. The supplemental jurisdiction statute provides in pertinent part that "any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *See* 28 U.S.C. § 1367(a).

35. In a multi-plaintiff action, if one plaintiff's claim satisfies the $75,000 threshold, the district court may exercise supplemental jurisdiction over claims by other plaintiffs provided all claims arise out of the same Article III case or controversy and involve a common set of operative facts. *See Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 566-67 (2005).

36. According to the Article III case or controversy requirement, federal courts may exercise jurisdiction over cases, such as the instant one, that are capable of resolution through the judicial process. *See* U.S. Const., art. III, § 2; *Flast v. Cohen*, 392 U.S. 83, 94 (1968). Furthermore, claims arise from the same set of operative facts if they are so linked that the plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *Mine Workers v. Gibbs*, 383 U.S.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT    9.

1  715, 715 (1966).

2  37.  Here, all six Plaintiffs allege the same five causes of action, and each of the claims arises out of the same case or controversy. The claims are based on the same set of operative facts and must be resolved together. Specifically, each of the Plaintiffs alleges that his decision to transfer to Defendant's Kettleman City Service Center was the result of fraudulent conduct by Defendant. (Compl., *passim.*) Plaintiffs also each allege that Defendant breached its contract with Plaintiffs when it failed to provide them with a certain level of seniority at the Kettleman City Service Center. (*Id.*) Finally, Plaintiffs allege that Defendant's conduct violated the covenant of good faith and fair dealing found in their agreements. (*Id.*) In short, the claims are identical. (*Id.*)

38.  Therefore, because the claims of Plaintiffs Hall, Flores, Markowitz, Taylor, and Rodriguez arise out of the same claim or controversy as the claims of Plaintiff Arp, each of the claims may be properly removed to federal court under 28 U.S.C. § 1367(a).

## VIII.  CONCLUSION

39.  WHEREFORE, Defendant removes the action now pending against it in the Superior Court of the State of California, County of Kings, to this Honorable Court, and requests that this Court retain jurisdiction for all further proceedings.

Dated:  October 23, 2013                        Respectfully submitted,


 */s  Sophia Behnia*
MICHELLE B. HEVERLY
SOPHIA BEHNIA
MIREYA A.R. LLAURADO
LITTLER MENDELSON, P.C.
Attorneys for Defendants
FEDEX FREIGHT, INC.

Firmwide:123641431.1 057116.1016

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT   10.