# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
09/23/2013
CT Log Number 523555254

TO: Mai Tran, Asst. Admin/Freight West
FedEx Freight West, Inc.
3425 Victor St
Santa Clara, CA 95054-2319

RE: **Process Served in California**

FOR: FedEx Freight, Inc. (Domestic State: AR)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Kelly L. Hall, et al., Pltfs. vs. FedEx Freight, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Instructions |
| **COURT/AGENCY:** | Kings County - Superior Court - Hanford, CA<br>Case # 13C0258 |
| **NATURE OF ACTION:** | Employee Litigation - Breach of Contract - Breach of Implied Covenant of Good Faith and Fair Dealing - Failed to provide Plaintiffs the seniority when being tranfered |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/23/2013 at 15:15 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | James C. Ashworth<br>Law Offices of Mary-Alice Coleman<br>1105 Kennedy Pl., Ste. 8<br>Davis, CA 95616<br>530-574-1130 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 796756979245<br>Image SOP<br>Email Notification, Mai Tran mai.tran@fedex.com<br>Email Notification, Brad Crawford brad.crawford@fedex.com<br>Email Notification, Christy Conrad christy.conrad@fedex.com<br>Email Notification, Michael Johnson mikejohnson@fedex.com<br>Email Notification, Richard Goldaber richard.goldaber@fedex.com<br>Email Notification, Mireya Llaurado mallaurado@fedex.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

SUM-100

# SUMMONS
## (CITACIÓN JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FEDEX FREIGHT, INC., an Arkansas Corporation, and DOES 1
through 25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KELLY L. HALL, RICHARD ARP, ISRAEL FLORES, ROBERT
MARKOWITZ, ROY TAYLOR and RICHARD RODRIGUEZ.

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED ON

SEP 19 2013

TODD H. BARTON, COURT EXECUTIVE OFFICER
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF KINGS
DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Kings County Superior Court
1426 South Drive
Hanford, California 93230

13 C0258
BY FAX

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James C. Ashworth, 1105 Kennedy Place, Ste. 5, Davis, California 95616

DATE: Sept. 19, 2013     TODD H. BARTON     Clerk, by CYNTHIA DÍAS, Deputy
*(Fecha)*                *(Secretario)*                      *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

COURT SEAL

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* FedEx Freight, Inc., an Arkansas Corporation

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

COPY

CONFORMED COPY
ORIGINAL FILED ON

SEP 19 2013

TODD H. BARTON, COURT EXECUTIVE OFFICER
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF KINGS
                                    DEPUTY

THE ASHWORTH LAW OFFICE
JAMES C. ASHWORTH, SBN 151272
1105 Kennedy Place, Suite 8
Davis, California 95616
Telephone:  (530) 574-1130
E-mail:  jim@TheAshworthLawOffice.com

Attorney for Plaintiffs

SUPERIOR COURT OF CALIFORNIA

IN AND FOR KINGS COUNTY

UNLIMITED CIVIL JURISDICTION

13 C0258

| | |
|---|---|
| KELLY L. HALL, RICHARD ARP, ISRAEL FLORES, ROBERT MARKOWITZ, ROY TAYLOR and RICHARD RODRIGUEZ<br><br>Plaintiffs,<br><br>v.<br><br>FEDEX FREIGHT, INC., an Arkansas Corporation, and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES<br><br>1. FRAUD<br>2. CONSTRUCTIVE FRAUD<br>3. BREACH OF ORAL CONTRACT<br>4. BREACH OF IMPLIED CONTRACT<br>5. BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING<br><br>BY FAX<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs, and each of them, complain and allege as follows:

I.

INTRODUCTION

1.     This case arises out of the employment of Plaintiffs by Defendant FEDEX FREIGHT, INC.  All six (6) Plaintiffs are long-time employees of FEDEX FREIGHT, INC. having worked as line-haul drivers in a variety of locations throughout the west coast.  All six (6) Plaintiffs were encouraged to transfer to a FEDEX facility in Kettleman City, California, in July of 2012 based on false promises made by members of management of FEDEX FREIGHT, INC. Each Plaintiff agreed to the transfer and moved to Kettleman City based on these false promises:

1

## II.

### JURISDICTION AND VENUE

2.      Pursuant to California Code of Civil Procedure section 395(a), venue is proper in this judicial district because Defendant FEDEX FREIGHT, INC. transacts business in Kings County, California, and five (5) of the six (6) plaintiffs are currently employed at a FEDEX FREIGHT, INC., service center in Kettleman City located in Kings County, California.

## III.

### PARTIES

3.      Plaintiff KELLY L. HALL is a competent adult, and is an employee of Defendant FEDEX FREIGHT, INC.

4.      Plaintiff ISRAEL FLORES is a competent adult, and is an employee of Defendant FEDEX FREIGHT, INC.

5.      Plaintiff ROBERT MARKOWITZ is a competent adult, and is an employee of Defendant FEDEX FREIGHT, INC.

6.      Plaintiff ROY TAYLOR is a competent adult, and is an employee of Defendant FEDEX FREIGHT, INC.

7.      Plaintiff RICHARD RODRIGUEZ is a competent adult, and is an employee of Defendant FEDEX FREIGHT, INC.

8.      Plaintiff RICHARD ARP is a competent adult, and is a former employee of Defendant FEDEX FREIGHT, INC.

9.      Defendant FEDEX FREIGHT, INC. is a corporation organized in the State of Arkansas, licensed to transact business in the State of California, and is primarily engaged in the business of transporting freight for customers throughout the United States.

10.     Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, each Defendant engaged in the conduct alleged, was the alter ego, agent, and employee of each other Defendant, acting within the course and scope of such agency/employment, and acting

2

Complaint for Damages

1   with the knowledge, consent, and authorization of each of the remaining Defendants. All actions

2   of each Defendant were ratified and approved by the other Defendants.

3        11.    The true names and capacities, whether individual, corporate, associate, or

4   otherwise, of Defendant DOES 1 through 25, inclusive, are unknown to Plaintiff, who therefore

5   sues said Defendants by such fictitious names. When the true names and capacities of said

6   Defendants have been ascertained, Plaintiff will seek leave of Court to amend this Complaint to

7   allege such true names and capacities. Plaintiff is informed and believes, and based thereon

8   alleges, that each of the Defendants designated as DOES herein are liable in some manner for the

9   acts, occurrences and omissions hereinafter alleged.

10                                         IV.

11                      GENERAL FACTUAL ALLEGATIONS

12        12.    Defendant FEDEX FREIGHT, INC., is a corporation engaged in the business of

13   transporting freight worldwide, with hundreds of service centers, and tens of thousands of

14   employees. In order to transport the freight, FEDEX FREIGHT, INC., employs several thousand

15   line-haul drivers throughout the United States -- including California. Five (5) of the six (6)

16   Plaintiffs are current line-haul drivers for FEDEX FREIGHT, INC., and the sixth Plaintiff

17   (RICHARD ARP) is a former FEDEX line-haul driver.

18        13.    In 1998, FEDEX FREIGHT, INC.'S parent corporation acquired Viking Freight,

19   Inc. Viking Freight was a transportation company that operated throughout the western United

20   States. FEDEX operated under the Viking name for a short time, until officially changing its name

21   to FedEx Freight West, Inc., in 2002. In approximately 2009, FedEx Freight West merged with

22   FedEx Freight East, forming the present entity entitled FEDEX FREIGHT, INC. Through the

23   aforementioned name changes, many of the Viking employment policies were carried over into the

24   operation of FedEx Freight West and those policies, with some changes, were carried over into the

25   operations of FEDEX FREIGHT, INC. Many of the line-haul drivers presently working for

26   FEDEX FREIGHT, INC., including several of the Plaintiffs herein, are long term employees that

27   began working for the company while it was still called Viking Freight.

28

1   14.   FEDEX FREIGHT, INC.'S line-haul drivers transport freight between service
2   centers.  Generally, a line-haul driver has a home service center where he/she reports to work and
3   is provided a tractor trailer with trailers containing freight attached.  The line-haul driver transports
4   the trailers to other service centers where they are unloaded and the line-haul driver is provided
5   freight to take back to the driver's home service center – this is called a run.  Often, a run has
6   several stops along the way, at other service centers, where trailers are loaded and unloaded.
7   While most of the runs consist of travel between a line-haul driver's home service center to a
8   destination service center and back in a single day, some of the longer routes require a layover stay
9   in a hotel at the destination service center.  In these instances, the following day the line-haul
10  drivers transports freight back to their home service center.

11  15.   Line-haul drivers are primarily paid based on the number of miles driven.
12  Therefore, the longer the run, the more a driver earns.  A driver can make in excess of $80,000 per
13  year if they have a lengthy runs, while drivers with shorter runs may earn less than $25,000
14  annually.  For this reason, the longer runs are highly sought after by the drivers.  While the
15  distance is generally the most important factor in terms of income, other factors such as start time,
16  traffic and weather delays can also affect the desirability, and profitability, of a particular run.

17  16.   Because of the vast disparity between runs, over time a bidding process has been
18  developed to determine which drivers receive the more desirable/profitable runs.  Towards the end
19  of each calendar year (usually in December), a list of runs is posted in each service center along
20  with a list of drivers who work out of that particular service center.  The drivers are listed in order
21  of seniority and the most senior driver select whichever run he/she chooses for the next year.  The
22  second most senior driver selects from the remaining runs, and so on.  These are called bids.
23  Consequently, a line driver's seniority is paramount in determining which bid he will receive and,
24  therefore, how much he will earn each year.

25  17.   Each service center has more line-haul drivers than bids.  The reason for this is that
26  line drivers call in sick, take vacations or otherwise become unavailable.  Also, additional runs are
27  added throughout the year depending on ever-changing demands.  As an example, during the
28  holidays the amount of freight can substantially increase and more drivers are needed.  The junior

4.

1  drivers generally do not receive bids and are placed on what is called the "extra board". The extra

2  board also works on seniority in that when a run becomes available because a driver is sick or

3  there is additional freight, the line drivers are contacted in order of seniority to fill the position. A

4  new line-haul driver can be on call, on the extra board, for long periods of time without receiving

5  any runs and this driver will make no money. Many of these drivers will be permitted to work the

6  loading docks for a modest hourly wage until they receive a bid. This is so that drivers can make

7  ends meet between the busy seasons.

8        18.    The freight hauling business is constantly changing. Demand changes from year-

9  to-year as well as season-to-season. Because of the dynamic nature of the business, Defendant

10  FEDEX FREIGHT, INC. is constantly changing their operations to improve delivery efficiency

11  and limit expenses. One such change was made in or around 2011 with the building of a new

12  service center in Kettleman City, California. Presumably this service center was created largely

13  because of its central location in California. Kettleman City is located just off Interstate 5 and

14  serves as a midpoint between Northern and Southern California.

15        19.    When the opening of the new service center was announced, FEDEX FREIGHT,

16  INC. solicited line-haul drivers from other service centers to relocate. When there were few

17  volunteers to relocate, FEDEX FREIGHT, INC. made promises to the drivers regarding the

18  number and length of bids that would be available. FEDEX FREIGHT, INC. promised that as the

19  service center expanded, the drivers that transferred early would have higher seniority and would

20  receive better bids. In other words, if the line drivers relocated to this service center when it first

21  opened, they would be the most senior drivers and as the service center expanded, they will have

22  their choice of the best runs. Based on these representations, the six (6) Plaintiffs named herein

23  volunteered to relocate, in some instances with their families from as far away as Texas and

24  Oregon, for the promise of more income. The Plaintiffs were specifically told where they would

25  rank on the seniority list of line-haul drivers before they moved to Kettleman City and they chose

26  to relocate based on these statements made by FEDEX FREIGHT management.

27        20.    The Plaintiffs agreed to relocate in or about June 2012, and began working in

28  Kettleman City in July 2012. When they first arrived, the Plaintiffs were surprised to learn that

1  they would not be bidding on runs. Instead, the Plaintiffs were assigned runs. The explanation
2  was that it was the middle of the year and these runs would be assigned for a few months with a
3  formal bidding process at the end of the year. While this was highly unusual, and unexpected, the
4  Plaintiffs were generally satisfied with the runs they received and did not object since it was only
5  for a few months. It was not until the end of 2012 that the Plaintiffs were able to bid based on
6  their seniority and this is where the problems arose.

7       21.     As part of the change in operations, FEDEX FREIGHT downsized their Fresno
8  service center and moved personnel from Fresno to Kettleman City. In short, the opening of
9  Kettleman City resulted in less freight being transported to and from the Fresno service center.
10 Unbeknownst to the Plaintiffs, the line drivers from Fresno were able to transfer their seniority that
11 they had in Fresno. Instead of being at the top of the seniority board, the Plaintiffs were all placed
12 below the Fresno drivers. Moreover, as operations continued to change throughout 2013,
13 additional drivers transferred from other service centers with each of them being able to transfer
14 their seniority. Each of the Plaintiffs was given a seniority date of July 2012 – the day they
15 transferred to Kettleman City. All other drivers (arriving after the Plaintiffs) were given a
16 seniority date correlating to when they started with the company and not when they started at
17 Kettleman City. In sum, the Plaintiffs remain at the bottom of the seniority board and with each
18 driver that transfers, they continue to move further down the board.

19      22.     When the Fresno drivers first arrived at Kettleman City in the beginning of 2013,
20 the drivers informed Plaintiffs that they had been told a year earlier that they would be allowed to
21 transfer with their seniority. Therefore, Defendant FEDEX FREIGHT, INC. knew in June 2012,
22 when enticing the Plaintiffs to transfer, that the Plaintiffs were not going to have the seniority
23 stated by FEDEX FREIGHT, INC.'S management. Additionally, the Plaintiffs have inquired
24 about transferring back to the service centers where they previously worked, but they have been
25 told that if they transfer back, they will lose their seniority and be starting at the bottom of the
26 seniority board. Each of the Plaintiffs has lost, and will continue to lose, significant earnings
27 because of the misrepresentations made by Defendant FEDEX FREIGHT, INC.
28

**A.**   <u>Kelly L. Hall</u>

23.     Plaintiff KELLY L. HALL has been a line-haul driver for FEDEX since 2005. In the summer of 2012, Plaintiff HALL was employed by FEDEX while living and working out of Lubbock, Texas. The FEDEX service center in Lubbock was in the process of being downsized due to a change in operations and Plaintiff HALL was initially given the option of transferring to Amarillo or Dallas. However, prior to making a final decision, Plaintiff HALL was given a third option of transferring to Kettleman City, California.

24.     In late May or early June, 2012, a FEDEX FREIGHT manager, Kirk Sell, told Plaintiff HALL that if he transferred to Kettleman City, he would have seniority over all other line-haul drivers transferring at the same time because he was relocating based on a change in operations. This was confirmed by the human resources department before Plaintiff HALL transferred. Based on these representations, Plaintiff HALL believed that he would be at, or near, the top of the seniority board. It was because of these representations, and the anticipation of making more money, that Plaintiff HALL elected to accept the transfer to Kettleman City.

25.     Only after Plaintiff HALL transferred from Texas was he informed that all line-haul drivers transferring after him would have seniority over him. Instead of being at, or near, the top of the seniority board, Plaintiff HALL is in the lower half. Plaintiff HALL relocated to Kettleman City, and put his house in Texas up for sale, because of the misrepresentations made by Mr. Sell and the human resources department. Because of these false promises, Plaintiff HALL has suffered, and continues to suffer, serious economic loss and emotional distress.

**B.**   <u>Israel Flores</u>

26.     Plaintiff ISRAEL FLORES has been an employee of FEDEX FREIGHT, INC. (including its predecessors) for fourteen (14) years and a line-haul driver for approximately nine (9) years. In the summer of 2012, Plaintiff FLORES was employed by FEDEX while living and working in Miraloma, California.

27.     In late May or early June, 2012, the supervisor of the line-haul drivers (Nicole) at his home service center in Miraloma approached Plaintiff FLORES about transferring to Kettleman City. Plaintiff FLORES was told that if he transferred to Kettleman City, he would

Complaint for Damages

1   receive better runs that would allow him to make more money. Based on the representations of

2   Nicole, as well as a manager from Fresno (Kirk Sell) that he spoke with on the phone, Plaintiff

3   FLORES believed that if he transferred to Kettleman City, he would be approximately the

4   sixteenth most senior line-haul driver -- out of approximately sixty-three (63) drivers. Instead,

5   when the Fresno drivers transferred to Kettleman City at the end of 2012, Plaintiff FLORES

6   dropped to approximately the 46th most senior driver.

7       28.     Only after Plaintiff FLORES transferred, and moved his wife and seven children to

8   Corcoran, was he informed that all line-haul drivers transferring after him would have seniority

9   over him. Instead of being near the top of the seniority board, FLORES is near the bottom after

10   being with FEDEX for more than fourteen (14) years. There are drivers having only two or three

11   years with FEDEX that presently have seniority over Plaintiff FLORES. Plaintiff FLORES moved

12   his entire family of nine (9) to the area only because of the misrepresentations made by FEDEX

13   management, including Nicole and the supervisor from Fresno. Because of these false promises,

14   Plaintiff FLORES has suffered, and continues to suffer, serious economic loss and emotional

15   distress.

16   **C.   Robert Markowitz**

17      29.     Plaintiff ROBERT MARKOWITZ has been an employee of FEDEX FREIGHT,

18   INC. (including its predecessors) for approximately seven (7) years. In the summer of 2012,

19   Plaintiff MARKOWITZ was employed by FEDEX as a line-haul driver.

20      30.     In late May or early June, 2012, Plaintiff MARKOWITZ was told by a Fresno

21   manager, Kirk Sell, that if he transferred to Kettleman City, he would receive better runs that

22   would allow him to make more money. Based on the representations of Mr. Sell, whom he spoke

23   with on the phone, Plaintiff MARKOWITZ believed that if he transferred to Kettleman City, he

24   would be within the top twenty (20) most senior drivers as the service center expanded. Instead,

25   when the Fresno drivers transferred to Kettleman City at the end of 2012, Plaintiff MARKOWITZ

26   dropped to approximately 45th in seniority.

27      31.     Only after Plaintiff MARKOWITZ transferred, and relocated his residence, was he

28   informed that all line-haul drivers transferring after him would have seniority over him. Instead of

1  being near the top of the seniority board, Plaintiff MARKOWITZ is in the bottom half after being

2  with FEDEX for more than seven (7) years. Because of these false promises, Plaintiff

3  MARKOWITZ has suffered, and continues to suffer, serious economic loss and emotional

4  distress.

5  **D.   Roy Taylor**

6       32.   Plaintiff ROY TAYLOR has been an employee of FEDEX FREIGHT, INC.

7  (including its predecessors) for ten (10) years. In the summer of 2012, Plaintiff TAYLOR was

8  employed by FEDEX in Meford, Oregon.

9       33.   In approximately June, 2012, Plaintiff TAYLOR was told by the Fresno terminal

10  manager, Kirk Sell, that if he transferred to Kettleman City, he would receive better runs that

11  would allow him to make more money. Based on the representations of Mr. Sell, whom he spoke

12  with on the phone, and a confirmation of the information by human resources, Plaintiff TAYLOR

13  believed that if he transferred to Kettleman City, he would be approximately the thirteenth most

14  senior line-haul driver -- out of approximately sixty-three (63) drivers. Instead, when the Fresno

15  drivers transferred to Kettleman City at the end of 2012, Plaintiff TAYLOR dropped below 40th in

16  seniority.

17       34.   Only after Plaintiff TAYLOR transferred, and moved from Oregon, was he

18  informed that all line-haul drivers transferring after him would have seniority over him. Instead of

19  being near the top of the seniority board, Plaintiff TAYLOR is in the bottom half after being with

20  FEDEX for more than ten (10) years. Furthermore, Plaintiff TAYLOR was informed that the

21  Fresno drivers had been informed by Kirk Sell prior to any of this happening that they would be

22  keeping their seniority and coming in over the current drivers. Therefore, Mr. Sell knew that the

23  information he was providing Plaintiff TAYLOR, and the other drivers transferring in July 2012,

24  was untrue. Because of these false promises, Plaintiff TAYLOR has suffered, and continues to

25  suffer, serious economic loss and emotional distress.

26  **E.   Richard Rodriguez**

27       35.   Plaintiff RICHARD RODRITGUEZ has been an employee of FEDEX FREIGHT,

28  INC. (including its predecessors) for three (3) years. In the summer of 2012, Plaintiff

1   RODRIGUEZ was employed by FEDEX in Kingman, Arizona.

2       36.    In approximately June, 2012, Plaintiff was told by a supervisor in Arizona, Mark

3   Buck, that if he transferred to Kettleman City, he would receive better runs that would allow him

4   to make more money.  Based on the information provided by Mr. Buck, whom he spoke with on

5   the phone, Plaintiff RODRIGUEZ believed that if he transferred to Kettleman City he would be in

6   the middle of the board in terms of seniority.  Instead, when the Fresno drivers transferred to

7   Kettleman City at the end of 2012, Plaintiff RODRIGUEZ dropped almost to the bottom of the

8   board.  After moving from Arizona for this opportunity, Plaintiff RODRIGUEZ receives almost no

9   runs and must make ends meet by working the docks.

10      37.    Only after Plaintiff RODRIGUEZ transferred, and moved from Arizona, was he

11  informed that all line-haul drivers transferring after him would have seniority over him.  Instead of

12  being in the middle of the seniority board, Plaintiff RODRIGUEZ is at the bottom.  Because of

13  these false promises, Plaintiff RODRIGUEZ has suffered, and continues to suffer, serious

14  economic loss and emotional distress.

15  **F.    Richard Arp**

16      38.    Plaintiff RICHARD ARP was an employee of FEDEX FREIGHT, INC. (including

17  its predecessors) for approximately (9) years.  In the summer of 2012, Plaintiff ARP was employed

18  by FEDEX in Meford, Oregon.

19      39.    In approximately June, 2012, Plaintiff ARP was told by the a FEDEX supervisor in

20  Medford, Irene Stonfier, that if he transferred to Kettleman City, he would receive better runs that

21  would allow him to make more money.  Plaintiff ARP confirmed the information with human

22  resources who echoed the statements of Ms. Stonfier that Plaintiff ARP would be the seventeenth

23  most senior driver out of approximately 68.  Instead, when the Fresno drivers transferred to

24  Kettleman City at the end of 2012, Plaintiff ARP dropped below 40th in seniority.

25      40.    When Plaintiff ARP learned of the misrepresentation, he promptly asked to be

26  transferred back to Oregon.  He was told by human resources that he could transfer back, but he

27  would lose all of his seniority.  In short, he would be starting back at his old terminal, but at the

28  bottom of the seniority board, after nine (9) years with the company.  Instead, Plaintiff ARP

1   resigned from FEDEX and returned to Oregon working as a line-haul driver for a different

2   company at a lower wage.  Because of the false promises made by Defendant FEDEX FREIGHT,

3   INC., Plaintiff ARP has suffered, and continues to suffer, serious economic loss and emotional

4   distress.

5                                                    V.

6

7                              **FIRST CAUSE OF ACTION**
                                            Fraud

8

9                                     (Against All Defendants)

10      41.    Plaintiffs incorporate each and every allegation set forth in this Complaint as though

11   fully alleged herein.

12      42.    Defendants, through their managers and supervisors, knowingly and intentionally

13   made false statements to Plaintiffs in approximately May and June of 2012, by informing Plaintiffs

14   that they would receive seniority when bidding on runs if they transferred to Kettleman City, as

15   described more fully in paragraphs 23-30 above.  Such statements were false, and Defendants

16   knew the statements were false when they were made and that Plaintiffs would never have the

17   seniority promised.

18      43.    Defendants, through their managers and supervisors, made such false statements

19   with the intent to induce Plaintiffs to act in reliance upon such statements.

20      44.    Plaintiffs reasonably relied upon such statements when they transferred, and

21   relocated, to Kettleman City, California.

22      45.    Plaintiffs' reliance upon such false statements resulted in their detriment in that

23   they incurred the expense of relocating and now earn less income, instead of more.

24      46.    Defendants' actions as described herein have at all times relevant to this action

25   been willful and/or knowing.

26      47.    As a direct and proximate result of Defendants' actions alleged above, Plaintiff has

27   been irreparably injured, and has suffered monetary damages in an amount as has yet been

28   determined.

# VI.

## SECOND CAUSE OF ACTION
### Constructive Fraud

#### (Against All Defendants)

48.    Plaintiffs incorporate each and every allegation set forth in this Complaint as though fully alleged herein.

49.    Defendants were the employers of Plaintiffs.  When Defendants informed Plaintiffs of the relevant information regarding the possibility of transferring to Kettleman City, they had an obligation to provide complete and accurate information.  When informing Plaintiffs of their seniority if they chose to transfer to Kettleman City, Defendants had an obligation to disclose that in a few months line-haul drivers would be transferring from other service centers, and that these drivers would have seniority over Plaintiffs.  This is a material fact that Defendants had an obligation to disclose because Defendants are aware that this is of significant interest to Plaintiffs and will affect their decision.  Furthermore, the withholding of this information makes the previously provided information at the least irrelevant, and the most false or fraudulent.

50.    Defendants, and each of them, intentionally failed to inform Plaintiffs of all relevant matters arising from the potential transfers.  Furthermore, Defendants, and each of them, intentionally misled Plaintiffs regarding their opportunities to earn more income upon transferring to Kettleman City, California.

51.    Defendants, and each of them, failed to disclose such information and misled Plaintiffs with the intent to induce Plaintiffs to act in reliance, and not act upon, the information to which they were entitled.

52.    Plaintiffs reasonably relied upon the misleading information they received, and the lack of information to which they were entitled, regarding their decisions to transfer and relocate to Kettleman City.  Furthermore, Plaintiff reasonably relied upon the statements in making their decisions.

53.    Plaintiffs' reliance upon the misleading statements, and their inability to adduce the true facts due to Defendants' withholding of necessary and pertinent information to which they

1  were entitled, was to their detriment in that elected to transfer to Kettleman City and as a result

2  have suffered a loss in income.

3      54.    Defendants' actions described above have at all times relevant to this action been

4  willful and/or knowing.

5      55.    As a direct and proximate result of Defendants' actions alleged above, Plaintiffs

6  have been irreparably injured, and have suffered monetary damages in an amount as has yet been

7  determined.

8                                   **VII.**

9

10                        **THIRD CAUSE OF ACTION**
                             **Breach of Oral Contract**

11

12                           **(Against All Defendants)**

13      56.    Plaintiffs incorporate each and every allegation set forth in this Complaint as

   though fully alleged herein.

14      57.    Defendants, and each of them, promised Plaintiffs that if they transferred to

15  Kettleman City, California, they would receive specified seniority that would entitle them to

16  bidding rights on preferred runs.  These preferred runs would allow Plaintiffs to earn more money

17  than they were earning at their present locations.

18      58.    Plaintiffs, and each of them, transferred home service centers, relocated to

19  Kettleman City, continued employment and duly performed all of the conditions of their

20  employment as required by Defendants employment policies.

21      59.    Despite the representations made to Plaintiffs, and each of them, by Defendants and

22  the reliance Plaintiffs placed upon them, Defendants failed to provide Plaintiffs the seniority and

23  the corresponding preferred runs that were promised.

24      60.    As a direct and proximate result of Defendants breaches of contact, Plaintiffs, and

25  each of them, have suffered and continue to suffer substantial losses in relocation costs, earnings

26  and other employment benefits in an amount to be proven at trial.

27

28

                                   13

## VIII.

### FOURTH CAUSE OF ACTION
### Breach of Implied Contract

### (Against All Defendants)

61.     Plaintiffs incorporate each and every allegation set forth in this Complaint as though fully alleged herein.

62.     During the entire course of Plaintiffs' employment with Defendant, and its predecessors, there existed an express or implied-in-fact contract between Plaintiffs, and each of them, and Defendants, which at the time of agreeing to transfer to Kettleman City, included, but was not limited to the following terms:

      a.   Preferred line-haul runs would be distributed pursuant to a bidding process;

      b.   The bidding process would be based on seniority;

      c.   Junior drivers would not be permitted to arbitrarily jump ahead of senior drivers in the bidding process;

      d.   Plaintiffs would be kept informed of any changes in the bidding process;

      e.   If Plaintiffs chose to transfer, they would be fully and accurately informed of how that would affect their seniority; and

      f.   Defendants would provide Plaintiffs with the necessary and accurate information and support so that Plaintiffs could properly make decisions such as whether or not to transfer.

63.     This contract was evidenced by the parties course of conduct, and written employment material including, but not limited to, the following:

      a.   During Plaintiffs' many years of loyal, devoted, faithful and competent service to Defendants, Plaintiffs, and each of them, came reasonably to expect and believe that they could rely on Defendants fairness in the bidding process based on seniority.  Defendants, through their managers and supervisors, communicated to Plaintiffs, and each of them, that this would continue to be the process upon their transfer to Kettleman City, California.

14

      b.  Defendants policies and procedures outline and describe the aforementioned bidding process for preferred runs;

      c.  Repeated discussions by Plaintiffs with managers, supervisors and human resources that this would continue to be the process; and

      d.  Plaintiffs' reliance on, belief in, and acceptance in good faith of all of the assurances, promises and representations to believe that this would continue to be the process.

64.    Plaintiffs, and each of them, transferred and relocated to Kettleman City and continued employment and duly performed all of the conditions of the contract to be performed by them based on the aforementioned understanding.

65.    Despite the representations made to Plaintiffs, and each of them, by Defendants, and the reliance Plaintiffs placed upon them, Defendants failed to carry out the responsibilities under the terms of the agreement in the following ways:

      a.  By wrongfully and without good cause misrepresenting Plaintiffs' seniorities when transferring to Kettleman City, California;

      b.  By wrongfully and without good cause misrepresenting to Plaintiffs that they would have better runs and earn more money if they transferred to Kettleman City, California;

      c.  By allowing junior line-haul drivers to jump senior line-haul drivers in the bidding process; and

      d.  By failing to recognize the seniority and sacrifice made by Plaintiffs when agreeing to the transfers.

66.    As a direct and proximate result of Defendants' breaches of contact, Plaintiffs, and each of them, have suffered and continue to suffer substantial losses in relocation costs, earnings and other employment benefits in an amount to be proven at trial.

## IX.

## FIFTH CAUSE OF ACTION
### Breach of the Implied Covenant of Good Faith and Fair Dealing

### (Against All Defendants)

67.    Plaintiffs incorporate each and every allegation set forth in this Complaint as though fully alleged herein.

68.    The contacts, as set forth above, between the Plaintiffs and Defendants created a covenant of good faith and fair dealing.

69.    Defendants' actions, as alleged herein, have at all times relevant to this action been willful and/or knowing.

70.    As a direct and proximate result of Defendants' actions as alleged herein, for which Plaintiffs have been irreparably harmed, including, but not limited to, monetary damages in an amount that will be proven at trial.

## X.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays as follows:

A.    For an award of general damages;

B.    For an award of special damages;

C.    For an award of punitive damages;

E.    For an award of prejudgment interest;

F.    For an award of attorney's fees and costs associated with this action as provided by statute;

Dated:  September 18, 2013

THE ASHWORTH LAW OFFICE

JAMES C. ASHWORTH
Attorney for Plaintiffs

16

COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address):<br>James C. Ashworth (SBN 151271)<br>THE ASHWORTH LAW OFFICE<br>1105 Kennedy Place, Ste. 8<br>Davis, California 95616<br>TELEPHONE NO.: (530) 574-1130   FAX NO.: (530) 564-4987<br>ATTORNEY FOR (Name): Plaintiffs | FOR COURT USE ONLY<br>CONFORMED COPY<br>ORIGINAL FILED ON<br>SEP 1 9 2013<br>TODD H. BARTON, COURT EXECUTIVE OFFICER<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>COUNTY OF KINGS<br>_____ DEPUTY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF: Kings
STREET ADDRESS: 1426 South Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Hanford, California 93230
BRANCH NAME: Hanford

CASE NAME:
Hall v. FedEx Freight, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 13  C0258 |
| | | | JUDGE: | |
| | | Items 1–6 below must be completed (see instructions on page 2). | DEPT: | |

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[✓] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action (specify): 5
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: September 18, 2013
James C. Ashworth
_____                   _____
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

BY FAX

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief from Late Claim
   Other Civil Petition

CM-010 [Rev. July 1, 2007]    ESSENTIAL FORMS™    **CIVIL CASE COVER SHEET**    Page 2 of 2

EXHIBIT B

PLD-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| MICHELLE B. HEVERLY (Bar #178660)<br>SOPHIA BEHNIA (Bar #289318)<br>Littler Mendelson, P.C.<br>650 California St., 20th Floor  San Francisco, CA  94108.2693<br>TELEPHONE NO.: (415) 433-1940     FAX NO. *(Optional):* (415) 399-8490<br>E-MAIL ADDRESS *(Optional):*  mheverly@littler.com / sbehnia@littler.com<br>ATTORNEY FOR *(Name):*  DEFENDANT FEDEX FREIGHT, INC. | **CONFORMED COPY<br>ORIGINAL FILED ON**<br><br>OCT 2 2 2013<br><br>JEFFREY E. LEWIS, CLERK OF COURT<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>COUNTY OF KINGS<br>_____ DEPUTY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF KINGS**
STREET ADDRESS:   1426 South Drive
MAILING ADDRESS:
CITY AND ZIP CODE:   Hanford, CA 93230
BRANCH NAME:   Hanford Courthouse

PLAINTIFF/PETITIONER: KELLY L. HALL, ET AL.

DEFENDANT/RESPONDENT: FEDEX FREIGHT, INC.

| GENERAL DENIAL | CASE NUMBER:<br>13 C 0258 |
|---|---|

If you want to file a general denial, you MUST use this if the amount asked for in the complaint or the value of the property involved is $1,000 or less.

You MAY use this form for a general denial if:
1. The complaint is not verified; *or*
2. The complaint is verified and the case is a limited civil case (the amount in controversy is $25,000 or less),
   BUT NOT if the complaint involves a claim for more than $1,000 that has been assigned to a third party for collection.

(See Code of Civil Procedure sections 85–86, 90–100, 431.30, and 431.40.)

1. DEFENDANT *(name):* FedEx Freight, Inc.
   generally denies each and every allegation of plaintiff's complaint.

2. ☒   DEFENDANT states the following FACTS as separate affirmative defenses to plaintiff's complaint *(attach additional pages if necessary):*
   See attached Affirmative Defenses.

Date: October 22, 2013

SOPHIA BEHNIA                                          ► _(signature)_
_____                          _____
(TYPE OR PRINT NAME)                                   (SIGNATURE OF DEFENDANT OR ATTORNEY)

If you have a claim for damages or other relief against the plaintiff, the law may require you to state your claim in a special pleading called a cross-complaint or you may lose your right to bring the claim. (See Code of Civil Procedure sections 426.10–426.40.)

The original of this *General Denial* must be filed with the clerk of this court with proof that a copy was served on each plaintiff's attorney and on each plaintiff not represented by an attorney. There are two main ways to serve this *General Denial:* by personal delivery or by mail. It may be served by anyone at least 18 years of age EXCEPT you or any other party to this legal action. Be sure that whoever serves the *General Denial* fills out and signs a proof of service. You may use the applicable Judicial Council form (such as form POS-020, POS-030, or POS-040) for the proof of service.

Firmwide:123639039.1 057116.1016

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>PLD-050 [Rev. January 1, 2009] | **GENERAL DENIAL** | Code of Civil Procedure, §§ 431.30, 431.40<br>www.courtinfo.ca.gov |
|---|---|---|

File by Fax

American LegalNet, Inc.
www.FormsWorkflow.com

1    ***KELLY L. HALL, ET AL v. FEDEX FREIGHT, INC.***

2    **Kings County Superior Court**

3    **Case No. 13 C 0258**

4    <u>**AFFIRMATIVE DEFENSES**</u>

5    Defendant FedEx Freight, Inc. (hereinafter "Defendant") states the following facts as

6    separate affirmative defenses to each of the allegations of the Complaint of Plaintiffs Kelly L. Hall,

7    Richard   Arp,   Israel   Flores,   Robert   Markowitz,   Roy   Taylor,   and   Richard   Rodriguez

8    (hereinafter "Plaintiffs") filed on September 19, 2013:

9    AS   A   FIRST,   SEPARATE   AND   AFFIRMATIVE   DEFENSE   TO   EACH   AND

10   EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

11   Plaintiffs' claims are barred by the statutes of limitations contained in Code of Civil

12   Procedure sections 337(1) and 338(d).

13   AS   A   SECOND,   SEPARATE   AND   AFFIRMATIVE   DEFENSE   TO   EACH   AND

14   EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

15   Plaintiffs' claims are barred by the six-month limitations period to which they

16   specifically agreed in their respective employment documents and agreements.

17   AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND

18   EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

19   Plaintiffs are barred in equity from recovering on their Complaint, or on any claim

20   contained therein, under the doctrines of waiver, unclean hands, promissory estoppel and/or laches.

21   AS   A   FOURTH,   SEPARATE   AND   AFFIRMATIVE   DEFENSE   TO   EACH   AND

22   EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

23   It acted reasonably and in good faith, without malice, at all times material herein,

24   based on relevant facts and circumstances known at the time.

25   AS   A   FIFTH,   SEPARATE   AND   AFFIRMATIVE   DEFENSE   THE   THIRD   AND

26   FOURTH CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

27   Plaintiffs'   contract   claims   are   not   supported   by   and   lack   consideration   or,

28   alternatively, there has been a failure of consideration.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

1.

Case No. 13 C 0258

AFFIRMATIVE DEFENSES

1    AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE THE THIRD AND

2  FOURTH CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

3    There was no "meeting of the minds" between Plaintiffs and Defendant as to the

4  alleged terms of the purported implied and/or oral contract.

5    AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE THE THIRD

6  AND FOURTH CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

7    The implied and/or oral contract terms alleged by Plaintiffs cannot be established due

8  to the existence of contrary terms in Defendant's written policies and procedures.

9    AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE THE THIRD AND

10  FOURTH CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

11    To the extent that Plaintiffs' claims are based upon a purported implied and/or oral

12  contract, the terms of such a purported implied and/or oral contract are too vague, indefinite and/or

13  uncertain to be enforced.

14    AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE THE THIRD AND

15  FOURTH CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

16    The existence of any alleged implied and/or oral contract is unenforceable for lack of

17  mutuality of agreement.

18    AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE THE THIRD AND

19  FOURTH CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

20    To the extent that any agreements, promises and/or covenants were made by

21  Defendant (and Defendant denies that any were made), Plaintiffs' reliance upon said agreements,

22  promises or covenants was unreasonable and/or unjustifiable.

23    AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE THE THIRD

24  AND FOURTH CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

25    To the extent that any agreements, promises and/or covenants were made by

26  Defendant's agents (and Defendant denies that any were made), Defendant's agents lacked the

27  authority to make such agreements on behalf of Defendant.

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

2.                                              Case No. 13 C 0258

AFFIRMATIVE DEFENSES

1    AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE THE THIRD

2  AND FOURTH CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

3        To the extent that any agreements, promises and/or covenants were made by

4  Defendant (and Defendant denies that any were made), Defendant fully performed, satisfied and/or

5  discharged its duties under any and all agreements with Plaintiffs and therefore did not breach any

6  purported agreements, promises and/or covenants with Plaintiffs.

7    AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE THE THIRD

8  AND FOURTH CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

9        Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

10    AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH

11  AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

12        That Plaintiffs failed to avail themselves of the complaint procedures offered by

13  Defendants and thus any entitlement to relief by Plaintiff is barred or limited by the doctrine of

14  "avoidable consequences."

15    AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND

16  EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

17        Defendant alleges that some or all of Plaintiffs' claims are barred by Plaintiffs'

18  consent to and/or voluntary participation in all or some of the acts alleged or conduct similar thereto.

19    AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH

20  AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

21        Plaintiffs' Complaint fails to properly state a claim for attorney's fees and costs on

22  any basis.

23    AS A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH

24  AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

25        Plaintiffs' Complaint fails to state facts sufficient to constitute any cause of action or

26  to set forth a claim upon which relief can be granted.

27    AS AN EIGTHEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH

28  AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

3.

Case No. 13 C 0258

AFFIRMATIVE DEFENSES

1   Plaintiffs' claims are barred by Plaintiffs' consent to and/or voluntary participation in

2   all or some of the acts alleged or conduct similar thereto.

3   AS A NINTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH

4   AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

5   Plaintiffs' alleged damages are proximately or solely caused, in whole or in part, by

6   Plaintiffs' own acts or omissions and/or the acts or omissions of third parties other than Defendant.

7   AS A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH

8   AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

9   Plaintiffs' emotional distress, if any, was proximately caused by factors other than

10  those enumerated in the Complaint.

11  AS A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH

12  AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

13  Even assuming *arguendo* that Plaintiffs suffered any emotional distress as a result of

14  any conduct undertaken by Defendant or anyone acting on Defendant's behalf, any such distress was

15  neither severe nor pervasive, nor was it outrageous beyond the bounds of human decency.

16  AS A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO

17  EACH AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant

18  alleges:

19  Plaintiffs' Complaint is preempted to the extent that they seek a remedy for any

20  alleged mental, emotional or physical injuries, illnesses or disabilities, as those claims are preempted

21  by the exclusivity provisions of the California Workers' Compensation Act, California Labor Code §

22  3200 *et seq.*  Any compensable injury to Plaintiffs occurred at a time when Plaintiffs and Defendant

23  were subject to the provisions of the California Workers' Compensation Act.

24  AS A TWENTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH

25  AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

26  Plaintiffs are not entitled to recover punitive or exemplary or emotional distress

27  damages on the ground that any award of punitive or exemplary or emotional distress damages under

28  California law in general and/or as applied to the facts of this specific action violates Defendant's

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

4.

Case No. 13 C 0258

AFFIRMATIVE DEFENSES

1  constitutional rights under provisions of the United States and California Constitutions, including but

2  not limited to the equal protection and due process clauses of the Fifth and Fourteenth Amendments

3  of the United States Constitution, the excessive fines and cruel and unusual punishment clauses of

4  the Eighth Amendment of the United States Constitution and Article I, Sections 7 and 17 and

5  Article IV, Section 16 of the California Constitution.

6          Defendant does not presently know all facts respecting the conduct of Plaintiffs

7  sufficient to state all affirmative defenses at this time. Defendant reserves the right to amend this

8  General Denial should it later discover facts demonstrating the existence of additional affirmative

9  defenses.

10          WHEREFORE, Defendant prays for judgment against Plaintiffs as follows:

11          1.    For an order dismissing Plaintiffs' Complaint with prejudice, and entering

12  judgment in favor of Defendant and against Plaintiffs;

13          2.    For all reasonable costs and attorneys' fees incurred by Defendant in

14  connection with the defense of this matter; and

15          3.    For such other and further relief as the Court in the exercise of its discretion

16  deems just and proper.

17

18  Dated: October 22, 2013

19

20  MICHELLE B. HEVERLY

21  SOPHIA BEHNIA
    LITTLER MENDELSON, P.C.

22  Attorneys for Defendant
    FEDEX FREIGHT, INC.

23

24  Firmwide:123639783.2 057116.1016

25

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

5.

Case No. 13 C 0258

AFFIRMATIVE DEFENSES

POS-040

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| MICHELLE B. HEVERLY (Bar #178660)<br>SOPHIA BEHNIA (Bar #289318)<br>Littler Mendelson, P.C.<br>650 California St., 20th Floor  San Francisco, CA  94108.2693<br>TELEPHONE NO.: (415) 433-1940     FAX NO. (Optional): (415) 399-8490<br>E-MAIL ADDRESS (Optional): mheverly@littler.com / sbehnia@littler.com<br>ATTORNEY FOR (Name): DEFENDANT FEDEX FREIGHT, INC. | **CONFORMED COPY**<br>**ORIGINAL FILED ON**<br>**OCT 22 2013**<br>JEFFREY E. LEWIS, CLERK OF COURT<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>COUNTY OF KINGS<br>_____DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KINGS
STREET ADDRESS: 1426 South Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Hanford, CA 93230
BRANCH NAME: Hanford Courthouse

PLAINTIFF/PETITIONER: KELLY L. HALL, ET AL.

DEFENDANT/RESPONDENT: FEDEX FREIGHT, INC.

| PROOF OF SERVICE—CIVIL | CASE NUMBER:<br>13 C 0258 |
|---|---|
| **Check method of service (only one):**<br>☐ By Personal Service    ☐ By Mail    ☒ By Overnight Delivery<br>☐ By Messenger Service    ☐ By Fax    ☐ By Electronic Service | JUDGE:<br><br>DEPT.: |

*(Do not use this proof of service to show service of a Summons and complaint.)*

1. At the time of service I was over 18 years of age and **not a party to this action.**

2. My residence or business address is:
   650 California St., 20th Floor  San Francisco, CA  94108.2693

3. ☐  The fax number or electronic service address from which I served the documents is *(complete if service was by fax or electronic service):*

4. On *(date):* October 22, 2013        I served the following **documents** *(specify):*
   GENERAL DENIAL

   ☐  The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:
   a. Name of person served: James C. Ashworth, SBN 151272
   b. ☒  *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
      Business or residential address where person was served:
      The Ashworth Law Office, 1105 Kennedy Place, Suite 8, Davis, CA  95616

   c. ☐  *(Complete if service was by fax or electronic service.)*
      (1)  Fax number or electronic service address where person was served:

      (2)  Time of service:
   ☐  The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

6. The documents were served by the following means *(specify):* Overnight Delivery
   a. ☐  **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

Page 1 of 3

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

Code of Civil Procedure, §§ 1010.6, 1011, 1013, 1013a,
2015.5; Cal. Rules of Court, rules 2.260, 2.306
www.courts.ca.gov



File by Fax

| CASE NAME | CASE NUMBER: |
|---|---|
| KELLY L. HALL, ET AL. v. FEDEX FREIGHT, INC. | 13 C 0258 |

6. b. ☐  **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one):*

    (1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    (2) ☐ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):*

c. ☒  **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐  **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

e. ☐  **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

f. ☐  **By electronic service.** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed in item 5.


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


Date: October 22, 2013


JENNIFER LLEWELYN
_____
(TYPE OR PRINT NAME OF DECLARANT)
                                    (SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*


## DECLARATION OF MESSENGER

☐  **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(NAME OF DECLARANT)
                                _____
                                           (SIGNATURE OF DECLARANT)

POS-040 [Rev. July 1, 2011]

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**


American LegalNet, Inc.
www.FormsWorkFlow.com

# EXHIBIT C

THE ASHWORTH LAW OFFICE
JAMES C. ASHWORTH, SBN 151272
1105 Kennedy Place, Suite 8
Davis, California 95616
Telephone:  (530) 574-1130
E-mail: jim@TheAshworthLawOffice.com

Attorney for Plaintiffs

## SUPERIOR COURT OF CALIFORNIA

## IN AND FOR KINGS COUNTY

## UNLIMITED CIVIL JURISDICTION

| | |
|---|---|
| KELLY L. HALL, RICHARD ARP, ISRAEL FLORES, ROBERT MARKOWITZ, ROY TAYLOR and RICHARD RODRIGUEZ<br><br>    Plaintiffs,<br><br>        v.<br><br>FEDEX FREIGHT, INC., an Arkansas Corporation, and DOES 1 through 25, inclusive,<br><br>    Defendants. | Case No.:  13 C0258<br><br>**PLAINTIFF KELLY L. HALL'S STATEMENT OF DAMAGES** |

PROPOUNDING PARTY:   Defendants FEDEX FREIGHT, INC.

RESPONDING PARTY:   Plaintiff KELLY L. HALL

COMES NOW Plaintiff KELLY L. HALL and responds to Defendant FEDEX FREIGHT, INC.'S Request for Statement of Damages as follows:

## PRELIMINARY STATEMENT

Plaintiff has not fully completed his investigation into the facts relating to this case and discovery in this matter has not yet begun.  All of the facts and issues involved in this litigation are

1

not yet known, or if known, may not yet be fully or correctly memorialized.  The following response is provided without prejudice to conduct further discovery or obtain expert opinions on the nature and extent of the damages.  The responses set forth herein are based only upon such information and writings as are in the possession of or available to Plaintiff at the time this response was prepared.  Discovery will continue as long as permitted by statute or stipulation of the parties, and Plaintiff's investigation will continue to and through the trial of this action. The following response is given without prejudice to Plaintiff's ability to provide further supplemental responses, if necessary.

### STATEMENT OF DAMAGES

**Economic Damages through October 1, 2013:**          **$7,500.00 - $14,000.00**

Through October 1, 2013, Mr. Hall has earned approximately $47,760.00.  This amount excludes some pay for delay, via's, extra runs as well as vacation, personal, holiday time and hourly pay working the docks.  As of January 1, 2013 (when the bids were issued), Mr. Hall ranked 50th on the seniority board.  If the rankings had been based on seniority, as he understood it should have been, he would have ranked 35th and he believes he would have received a regular run and not had to work the docks to make ends meet.  Had this occurred, Mr. Hall estimates that he would have earned between $7,500.00 and $14,000 more than he has earned through October 1, 2013.

**Future Loss of Earnings:**          **$2,500.00 - $4,667.00**

Mr. Hall anticipates having approximately the same losses as described above for the final three months of the 2013 calendar year.  Thereafter, the amount of future damages will be determined by whether Defendant FedEx Freight, Inc., resets the board next year; thereby allowing Mr. Hall to bid based on his actual seniority.

**General Damages/Emotional Distress:**          **$25,000.00**

The figure of $25,000.00 represents the emotional distress incurred to date.  If the board is not reset next year to allow Mr. Hall to bid based on his actual seniority, the amount of general damages will increase.

1   **Punitive Damages:**                                         **Unknown pending discovery**

2

3   Dated:  October 15, 2013                    THE ASHWORTH LAW OFFICE

4

5                                               _____

6                                               JAMES C. ASHWORTH
                                                Attorney for Plaintiffs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF KELLY L. HALL'S STATEMENT OF DAMAGES

# EXHIBIT D

1  THE ASHWORTH LAW OFFICE
   JAMES C. ASHWORTH, SBN 151272
2  1105 Kennedy Place, Suite 8
   Davis, California  95616
3  Telephone:  (530) 574-1130
   E-mail: jim@TheAshworthLawOffice.com
4

5  Attorney for Plaintiffs

6              SUPERIOR COURT OF CALIFORNIA

7                 IN AND FOR KINGS COUNTY

8              UNLIMITED CIVIL JURISDICTION

9

10 KELLY L. HALL, RICHARD ARP,          Case No.:  13 C0258
   ISRAEL FLORES, ROBERT
11 MARKOWITZ, ROY TAYLOR and            **PLAINTIFF RICHARD ARP'S STATEMENT**
   RICHARD RODRIGUEZ                    **OF DAMAGES**
12
13          Plaintiffs,
14               v.
15
16 FEDEX FREIGHT, INC., an Arkansas
   Corporation, and DOES 1 through 25,
17 inclusive,
18          Defendants.
19

20 PROPOUNDING PARTY:   Defendants FEDEX FREIGHT, INC.

21 RESPONDING PARTY:    Plaintiff RICHARD ARP

22

23        COMES NOW Plaintiff RICHARD ARP and responds to Defendant FEDEX FREIGHT,

24 INC.'S Request for Statement of Damages as follows:

25

26              **PRELIMINARY STATEMENT**

27        Plaintiff has not fully completed his investigation into the facts relating to this case and

28 discovery in this matter has not yet begun.  All of the facts and issues involved in this litigation are

                                1

not yet known, or if known, may not yet be fully or correctly memorialized. The following response is provided without prejudice to conduct further discovery or obtain expert opinions on the nature and extent of the damages. The responses set forth herein are based only upon such information and writings as are in the possession of or available to Plaintiff at the time this response was prepared. Discovery will continue as long as permitted by statute or stipulation of the parties, and Plaintiff's investigation will continue to and through the trial of this action. The following response is given without prejudice to Plaintiff's ability to provide further supplemental responses, if necessary.

## STATEMENT OF DAMAGES

**Economic Damages through October 1, 2013:**            **$27,500.00+ delay, via's, extra runs, etc.**

Through October 1, 2013, Mr. Arp has earned approximately $42,500.00 as driver for two (2) other companies in Oregon. If Mr. Arp had been given the seniority he was promised, he believes he would have ranked approximately 11 or 12 on the board and he would have remained at FedEx Freight, Inc., in Kettleman City. Had this occurred, Mr. Arp would have earned approximately $70,000.00 from January 1, 2013 through October 1, 2013. Therefore, his losses are approximately $27,500.00 through October 1, 2013, but more discovery will be needed to determine the amount of delay, via's, extra runs, vacation, personal and holiday time he would have received if he had the Sacramento and Whittier runs as described above.

**Future Loss of Earnings:**            **$23,333.00 (Estimate)**

Mr. Arp has recently been laid off from his latest position. Therefore, until he is unable to secure employment, he anticipates losses of approximately $70,000 per annum .

PLAINTIFF RICHARD ARP'S STATEMENT OF DAMAGES

1

2    **General Damages/Emotional Distress:**              **$25,000.00**

3        The figure of $25,000.00 represents the emotional distress incurred to date.  If Mr. Arp is

4    unable to secure employment at, or near, his previous rate, the amount of general damages will

5    increase.

6

7    **Punitive Damages:**                              **Unknown pending discovery**

8

9    Dated:  October 17, 2013                    THE ASHWORTH LAW OFFICE

10

11

12                                               JAMES C. ASHWORTH
                                                 Attorney for Plaintiffs
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

# EXHIBIT E

THE ASHWORTH LAW OFFICE
JAMES C. ASHWORTH, SBN 151272
1105 Kennedy Place, Suite 8
Davis, California  95616
Telephone:  (530) 574-1130
E-mail:  jim@TheAshworthLawOffice.com

Attorney for Plaintiffs

SUPERIOR COURT OF CALIFORNIA

IN AND FOR KINGS COUNTY

UNLIMITED CIVIL JURISDICTION

| | |
|---|---|
| KELLY L. HALL, RICHARD ARP, ISRAEL FLORES, ROBERT MARKOWITZ, ROY TAYLOR and RICHARD RODRIGUEZ<br><br>Plaintiffs,<br><br>v.<br><br>FEDEX FREIGHT, INC., an Arkansas Corporation, and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.:  13 C0258<br><br>**PLAINTIFF ISRAEL FLORES' STATEMENT OF DAMAGES** |

PROPOUNDING PARTY:    Defendants FEDEX FREIGHT, INC.

RESPONDING PARTY:     Plaintiff ISRAEL FLORES

        COMES NOW Plaintiff ISRAEL FLORES and responds to Defendant FEDEX FREIGHT, INC.'S Request for Statement of Damages as follows:

## PRELIMINARY STATEMENT

        Plaintiff has not fully completed his investigation into the facts relating to this case and discovery in this matter has not yet begun.  All of the facts and issues involved in this litigation are

1

not yet known, or if known, may not yet be fully or correctly memorialized.  The following response is provided without prejudice to conduct further discovery or obtain expert opinions on the nature and extent of the damages.  The responses set forth herein are based only upon such information and writings as are in the possession of or available to Plaintiff at the time this response was prepared.  Discovery will continue as long as permitted by statute or stipulation of the parties, and Plaintiff's investigation will continue to and through the trial of this action. The following response is given without prejudice to Plaintiff's ability to provide further supplemental responses, if necessary.

## STATEMENT OF DAMAGES

**Economic Damages through October 1, 2013:**          **$8,469.63 (Estimate)**

Through October 1, 2013, Mr. Flores has earned $61,391.23.  Mr. Flores presently ranks approximately 41 on the seniority board.  If the rankings had been based on seniority, as he understood it should have been, he would have ranked approximately 11 on the board.  Had this occurred, Mr. Flores believes he would have earned approximately $69,860.85.  Therefore, Mr. Flores' losses are approximately $8,469.63 through October 1, 2013.

**Future Loss of Earnings:**                          **$ 2,823.21**

Mr. Flores anticipates having the same losses as described above for the final three months of the 2013 calendar year (1/3 of $8,469.63 = $2,823.21).  Thereafter, the amount of future damages will be determined by whether Defendant FedEx Freight, Inc., resets the board next year; thereby allowing Mr. Flores to bid based on his actual seniority.

**General Damages/Emotional Distress:**              **$25,000.00**

The figure of $25,000.00 represents the emotional distress incurred to date.  If the board is not reset next year to allow Mr. Flores to bid based on his actual seniority, the amount of general damages will increase.

**Punitive Damages:**                                        **Unknown pending discovery**

Dated:  October 17, 2013                    THE ASHWORTH LAW OFFICE

                                            JAMES C. ASHWORTH
                                            Attorney for Plaintiffs

PLAINTIFF ISRAEL FLORES' STATEMENT OF DAMAGES

EXHIBIT F

1   THE ASHWORTH LAW OFFICE
    JAMES C. ASHWORTH, SBN 151272
2   1105 Kennedy Place, Suite 8
    Davis, California 95616
3   Telephone: (530) 574-1130
    E-mail: jim@TheAshworthLawOffice.com
4

5   Attorney for Plaintiffs

6                    SUPERIOR COURT OF CALIFORNIA

7                      IN AND FOR KINGS COUNTY

8                    UNLIMITED CIVIL JURISDICTION

9

10  KELLY L. HALL, RICHARD ARP,          Case No.: 13 C0258
    ISRAEL FLORES, ROBERT
11  MARKOWITZ, ROY TAYLOR and            **PLAINTIFF RICHARD RODRIGUEZ'S**
    RICHARD RODRIGUEZ                    **STATEMENT OF DAMAGES**
12
13          Plaintiffs,

14             v.

15
    FEDEX FREIGHT, INC., an Arkansas
16  Corporation, and DOES 1 through 25,
    inclusive,
17
18          Defendants.

19

20  PROPOUNDING PARTY:   Defendants FEDEX FREIGHT, INC.

21  RESPONDING PARTY:    Plaintiff RICHARD RODRIGUEZ

22

23      COMES NOW Plaintiff RICHARD RODRIGUEZ and responds to Defendant FEDEX

24  FREIGHT, INC.'S Request for Statement of Damages as follows:

25

26                      **PRELIMINARY STATEMENT**

27      Plaintiff has not fully completed his investigation into the facts relating to this case and

28  discovery in this matter has not yet begun.  All of the facts and issues involved in this litigation are

                                          1

not yet known, or if known, may not yet be fully or correctly memorialized. The following response is provided without prejudice to conduct further discovery or obtain expert opinions on the nature and extent of the damages. The responses set forth herein are based only upon such information and writings as are in the possession of or available to Plaintiff at the time this response was prepared. Discovery will continue as long as permitted by statute or stipulation of the parties, and Plaintiff's investigation will continue to and through the trial of this action. The following response is given without prejudice to Plaintiff's ability to provide further supplemental responses, if necessary.

## STATEMENT OF DAMAGES

**Economic Damages through October 1, 2013:**          **$4,302.00 + delay, via's, extra runs, etc.**

Through October 1, 2013, Mr. Rodriguez has earned $50,190.00. This amount is inclusive of all pay, including delay, via's, extra runs as well as vacation, personal and holiday time. Mr. Rodriguez presently ranks approximately 52 on the seniority board. If the rankings had been based on seniority as he understood it should have been, he would have ranked 38 and he believes he would have received a Sacramento run for the month of January and a Whittier run for the remainder of the year. Had this occurred, Mr. Rodriguez would have earned approximately $54,492.00, not including delay, via's, extra runs as well as vacation, personal and holiday time. Therefore, his minimum losses are $4,302.00 through October 1, 2013, but more discovery will be needed to determine the amount of delay, via's, extra runs, vacation, personal and holiday time he would have received if he had the Sacramento and Whittier runs as described above.

**Future Loss of Earnings:**          **$1,434.00 + delay, via's, extra runs, etc. (through 2013)**

Mr. Rodriguez anticipates having the same losses as described above for the final three months of the 2013 calendar year (1/3 of $4,302 = $1,434.00). Thereafter, the amount of future damages will be determined by whether Defendant FedEx Freight, Inc., resets the board next year; thereby allowing Mr. Rodriguez to bid based on his actual seniority.

2

PLAINTIFF RICHARD RODRIGUEZ'S STATEMENT OF DAMAGES

**General Damages/Emotional Distress:**                              **$25,000.00**

The figure of $25,000.00 represents the emotional distress incurred to date.  If the board is not reset next year to allow Mr. Rodriguez to bid based on his actual seniority, the amount of general damages will increase.

**Punitive Damages:**                                    **Unknown pending discovery**

Dated:  October 15, 2013                          THE ASHWORTH LAW OFFICE

JAMES C. ASHWORTH
Attorney for Plaintiffs

PLAINTIFF RICHARD RODRIGUEZ'S STATEMENT OF DAMAGES

EXHIBIT G

THE ASHWORTH LAW OFFICE
JAMES C. ASHWORTH, SBN 151272
1105 Kennedy Place, Suite 8
Davis, California 95616
Telephone:   (530) 574-1130
E-mail: jim@TheAshworthLawOffice.com

Attorney for Plaintiffs

SUPERIOR COURT OF CALIFORNIA

IN AND FOR KINGS COUNTY

UNLIMITED CIVIL JURISDICTION

| | |
|---|---|
| KELLY L. HALL, RICHARD ARP, ISRAEL FLORES, ROBERT MARKOWITZ, ROY TAYLOR and RICHARD RODRIGUEZ <br><br> Plaintiffs, <br><br> v. <br><br> FEDEX FREIGHT, INC., an Arkansas Corporation, and DOES 1 through 25, inclusive, <br><br> Defendants. | Case No.:  13 C0258 <br><br> **PLAINTIFF ROBERT MARKOWITZ'S STATEMENT OF DAMAGES** |

PROPOUNDING PARTY:   Defendants FEDEX FREIGHT, INC.

RESPONDING PARTY:    Plaintiff ROBERT MARKOWITZ

COMES NOW Plaintiff ROBERT MARKOWITZ and responds to Defendant FEDEX FREIGHT, INC.'S Request for Statement of Damages as follows:

**PRELIMINARY STATEMENT**

Plaintiff has not fully completed his investigation into the facts relating to this case and discovery in this matter has not yet begun.  All of the facts and issues involved in this litigation are

1

PLAINTIFF ROBERT MARKOWITZ'S STATEMENT OF DAMAGES

not yet known, or if known, may not yet be fully or correctly memorialized. The following response is provided without prejudice to conduct further discovery or obtain expert opinions on the nature and extent of the damages. The responses set forth herein are based only upon such information and writings as are in the possession of or available to Plaintiff at the time this response was prepared. Discovery will continue as long as permitted by statute or stipulation of the parties, and Plaintiff's investigation will continue to and through the trial of this action. The following response is given without prejudice to Plaintiff's ability to provide further supplemental responses, if necessary.

### STATEMENT OF DAMAGES

**Economic Damages through October 1, 2013:**          **$25,829.00 (Estimate)**

Through October 1, 2013, Mr. Markowitz has earned approximately $44,171.00 for mileage pay. Mr. Markowitz presently ranks approximately 47th on the seniority board. If the rankings had been based on seniority, as he understood it should have been, he would have ranked approximately 23-28 on the board. Had this occurred, Mr. Markowitz believes he would have earned approximately $70,000.00 for mileage pay. Therefore, his losses are approximately $25,829.00 through October 1, 2013.

**Future Loss of Earnings:**          **$ 8,609.67 (Estimate)**

Mr. Markowitz anticipates having the same losses as described above for the final three months of the 2013 calendar year (1/3 of $25,829.00 = $8,609.67). Thereafter, the amount of future damages will be determined by whether Defendant FedEx Freight, Inc., resets the board next year; thereby allowing Mr. Rodriguez to bid based on his actual seniority.

**General Damages/Emotional Distress:**          **$25,000.00**

The figure of $25,000.00 represents the emotional distress incurred to date. If the board is not reset next year to allow Mr. Markowitz to bid based on his actual seniority, the amount of general damages will increase.

2

**Punitive Damages:**                                    **Unknown pending discovery**

Dated:  October 16, 2013                    THE ASHWORTH LAW OFFICE


                                            _____
                                            JAMES C. ASHWORTH
                                            Attorney for Plaintiffs

3

PLAINTIFF ROBERT MARKOWITZ'S STATEMENT OF DAMAGES

EXHIBIT H

THE ASHWORTH LAW OFFICE
JAMES C. ASHWORTH, SBN 151272
1105 Kennedy Place, Suite 8
Davis, California  95616
Telephone:  (530) 574-1130
E-mail: jim@TheAshworthLawOffice.com

Attorney for Plaintiffs

SUPERIOR COURT OF CALIFORNIA

IN AND FOR KINGS COUNTY

UNLIMITED CIVIL JURISDICTION

| | |
|---|---|
| KELLY L. HALL, RICHARD ARP, ISRAEL FLORES, ROBERT MARKOWITZ, ROY TAYLOR and RICHARD RODRIGUEZ<br><br>          Plaintiffs,<br><br>          v.<br><br>FEDEX FREIGHT, INC., an Arkansas Corporation, and DOES 1 through 25, inclusive,<br><br>          Defendants. | Case No.:  13 C0258<br><br>**PLAINTIFF ROY TAYLOR'S STATEMENT OF DAMAGES** |

PROPOUNDING PARTY:    Defendants FEDEX FREIGHT, INC.

RESPONDING PARTY:      Plaintiff ROY TAYLOR

          COMES NOW Plaintiff ROY TAYLOR and responds to Defendant FEDEX FREIGHT, INC.'S Request for Statement of Damages as follows:

**PRELIMINARY STATEMENT**

          Plaintiff has not fully completed his investigation into the facts relating to this case and discovery in this matter has not yet begun.  All of the facts and issues involved in this litigation are

1

PLAINTIFF ROY TAYLOR'S STATEMENT OF DAMAGES

not yet known, or if known, may not yet be fully or correctly memorialized. The following response is provided without prejudice to conduct further discovery or obtain expert opinions on the nature and extent of the damages. The responses set forth herein are based only upon such information and writings as are in the possession of or available to Plaintiff at the time this response was prepared. Discovery will continue as long as permitted by statute or stipulation of the parties, and Plaintiff's investigation will continue to and through the trial of this action. The following response is given without prejudice to Plaintiff's ability to provide further supplemental responses, if necessary.

### STATEMENT OF DAMAGES

**Economic Damages through October 1, 2013:**          **$12,096.00**

Through October 1, 2013, Mr. Taylor has earned $59,724.00, which does not include delay, via's, extra runs as well as vacation, personal and holiday time. Mr. Taylor presently ranks sixth from the bottom on the seniority board. If the rankings had been based on seniority, as he understood it should have been, he believes he would have ranked approximately 9 or 10 on the board. Had this occurred, Mr. Taylor believes he would have earned approximately $71,820.00, not including delay, via's, extra runs as well as vacation, personal and holiday time. Therefore, his losses through October 1, 2013, are approximately $12,096.00.

**Future Loss of Earnings:**          **$ 4,032.00**

Mr. Taylor anticipates having the same losses as described above for the final three months of the 2013 calendar year (1/3 of $12,096.00 = $4,032.00). Thereafter, the amount of future damages will be determined by whether Defendant FedEx Freight, Inc., resets the board next year; thereby allowing Mr. Taylor to bid based on his actual seniority.

PLAINTIFF ROY TAYLOR'S STATEMENT OF DAMAGES

1

2 **General Damages/Emotional Distress:**          **$25,000.00**

3      The figure of $25,000.00 represents the emotional distress incurred to date.  If the board is

4 not reset next year to allow Mr. Taylor to bid based on his actual seniority, the amount of general

5 damages will increase.

6

7 **Punitive Damages:**                              **Unknown pending discovery**

8

9 Dated:  October 15, 2013               THE ASHWORTH LAW OFFICE

10

11

12                                        JAMES C. ASHWORTH
                                         Attorney for Plaintiffs
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF ROY TAYLOR'S STATEMENT OF DAMAGES